■ WILLIAM SA MARION et al., Appellants, v. PAUL D. McGINNIS, as Commissioner of the Department of Correction, et al., Respondents. In the Matter of WILLIS X. BRYANT, Appellant, v. PAUL D. McGINNIS, as Commissioner of the Department of Correction, et al., Respondents. JAMES RICHEY, Appellant, v. PAUL D. McGINNIS, as Commissioner of the Department of Correction, et al., Respondents. SHADID MUHANNAD et al., Appellants, v. PAUL D. McGINNIS, as Commissioner of the Department of Correction, et al., Respondents.—

Memorandum: The order under review approved certain rules and regulations proposed by the Commissioner of Correction following lengthy litigation. (Cf. *Matter of Bryant* v. *Wilkins*, 45 Misc 2d 923 and remitted 24 A D 2d 1077; *Matter of Sa Marion* v. *McGinnis*, 55 Misc 2d 59.) We have redrafted the rules as Appendix A to this memorandum which shall be approved by the Commissioner and promulgated as official rules. We comment briefly thereon. Rule 2 as proposed by the Commissioner (rule 5 as redrafted) is ambiguous and meaningless. We have restated the rule in language that should be understandable to all. We conclude that there is merit to the contention of appellants that it is an invidious, if not unconstitutional, discrimination to promulgate for one religious sect specific regulations which do no more than reiterate standards applicable to all inmates. This conclusion has been implemented in the revised rules. APPENDIX A: 1. The Muslims shall have each and every religious right and privilege extended to Catholics, Protestants, and Jews in the exercise of their respective religions. Ministers, priests, or rabbis of all these stated religious faiths may attend at the prison for the purpose of preaching to the inmates in congregational services and for the purpose of individual religious ministration to the inmates. 2. Fingerprinting of all clergymen visiting the prison, whether regularly on the payroll of the State of New York or attending as visiting clergymen shall be required. 3. Clergymen may wear such robe or religious raiment as they may desire and inmates may wear such religious insignia which, in the reasonable opinion of the Warden, will not incite to prison disturbance in the inmate population. 4. Prison inmates, who desire to learn about the religious practice of any sect, including the Muslim religion, may attend religious services at the time and place to be appointed by the Warden, subject only to reasonable restrictions as to space and prison security. 5. Muslims shall be provided whenever possible with meals that are wholly free of pork and pork products, and when that is not practicable then there shall be available at each meal some food free of those substances. 6. Inmates may subscribe to any publication to which they may wish to subscribe, including "Muhammad Speaks", but such publication

shall be subject to censorship by the Warden, including the exclusion of said publication if in the reasonable opinion of the Warden the publication represents a threat to the security of the penal institution. (Appeal from order of Erie Supreme Court approving rules and regulations of Commissioner of Correction.) Present — Goldman, P. J., Del Vecchio, Witmer, Gabrielli and Bastow, JJ.